| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |
|---|---|---|

JASON J. HERNANDEZ, §
§
      Plaintiff, §
§
*versus* §    CIVIL ACTION NO. 9:20-CV-196
§
§
GREG ABBOTT, *et al.*, §
§
      Defendants. §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Jason J. Hernandez, a former inmate confined at the Polunsky Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Brian Collier, Executive Director of the Texas Department of Criminal Justice, Robert Grant, former Polunsky Unit Program Supervisor V of the Security Threat Group Management Office, Tod Harris, former Warden Polunsky Unit, Eva Shiver, current Polunsky Unit Program Supervisor V of the Security Threat Group Management Office, and Michael Butcher, former Warden Polunsky Unit.

The court has received and considered the Report and Recommendation of the magistrate judge filed pursuant to such order, along with the record, and pleadings (#40).[1] Plaintiff filed objections to the Report and Recommendation (#45). This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

---

[1] Former Magistrate Judge Keith Giblin entered the Report and Recommendation on July 28, 2021 (#40). Upon his retirement, this case was referred to Magistrate Judge Christine L. Stetson (#46). This case was originally assigned to District Judge Thad Heartfield and was then transferred to this court on January 9, 2023 (# 50).

<u>Injunctive Relief</u>

On March 28, 2022, Plaintiff informed the court he was released from prison on March 18, 2021 (#49). Magistrate Judge Stetson ordered the parties to provide supplemental briefing addressing the effect of Plaintiff's release on his civil complaint. The Government responded on May 18, 2023 (# 52). Plaintiff has yet to file a response to the order.[2]

To the extent Plaintiff still seeks injunctive and declaratory relief relating to his request for release from administrative segregation, any such claim was mooted by Plaintiff's release from confinement. *Smith v. City of Tupelo, Miss.*, 281 F. App'x 279, 282-83 (5th Cir. 2008) (citing *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001)). Any suggestion of relief based upon the possibility of future incarceration in TDCJ, and then housing in administrative segregation, is too speculative to warrant relief. *Id*. As a result, Plaintiff's claims against Defendants in their official capacities are dismissed with prejudice as moot.

<u>Objections</u>

At the time of the Report and Recommendation, Plaintiff had been incarcerated for ten plus years in administrative segregation[3] at the Polunsky Unit due to his gang validation as a member

---

[2] Plaintiff called on May 17, 2023, advising the court he sent in a change of address in April, yet the court had not received the update. He advised further that his ex-girlfriend lives at the address the court had on file for him and that she was not home to sign for receipt of the order. The Clerk of Court advised Plaintiff to send in another change of address as soon as possible. The Clerk of Court received the change of address on June 14, 2023, and forwarded the May 17, 2023, order to the new address. Plaintiff acknowledged receipt of the order on June 22, 2023 (#57). Plaintiff then called on August 14, 2023, advising the Clerk he needed more time. The Clerk informed Plaintiff he would have to file a written motion requesting more time. Plaintiff has yet to do so. Plaintiff has been given more than four months to file a written response.

[3] Plaintiff often refers to administrative segregation as solitary confinement. The defendants interchange administrative segregation and restrictive housing. For consistency, the court will use the term administrative segregation.

of the Mexican Mafia ("MM"). Plaintiff alleges that his housing assignment both deprived him of a liberty interest protected by the Fourteenth Amendment and that the due process protections in place were a "sham" and constitutionally inadequate. In addition, Plaintiff alleges the long-term conditions of his confinement constitute cruel and unusual punishment under the Eighth Amendment and that the requirement for him to debrief under the Gang Renouncement and Disassociation ("GRAD") program in order to be released to general population puts him at serious risk of injury or death if he chooses to participate. The magistrate judge ultimately found that Plaintiff failed to create a genuine dispute of material fact as to either a Fourteenth Amendment or Eighth Amendment constitutional violation, that the defendants were entitled to qualified immunity, and granted summary judgment.

Plaintiff filed twenty-nine objections to the Report and Recommendation (#45). For the majority of the objections, Plaintiff lodges a complaint, references portions of his response to the motion for summary judgment or other pleadings in footnotes, and then argues the magistrate judge failed to "consider the record as a whole in the light most favorable to the non-movant as required by the Federal Rule of Civil Procedure 56." Consistently absent is any real substantive analysis in his objections as to how the magistrate judge actually erred in either the findings of facts or conclusions of law. Frivolous, conclusory, or general objections need not and will not be considered by this court. *See Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 19882) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 196) (en banc); *see also Valez-Padro v. Thermo King De Puerto Rico, Inc.*, 465 F.3d 31, 32 (1st Cir. 2006) (explaining that an objecting party must put forth more than "[c]onclusory allegations that do not direct the reviewing court to the issues in controversy.").

After carefully considering all the objections, and the record as a whole, the court refines them to challenges to the ultimate findings of the magistrate judge that Plaintiff failed to create a genuine dispute of material fact as to Fourteenth and Eighth Amendment constitutional violations with respect to the conditions of his long-term restrictive housing in administrative segregation and requirements to debrief.

With respect to his Fourteenth Amendment claim, the record reflects the magistrate judge methodically reviewed the factual allegations in this case, construing them in the light most favorable to Plaintiff, and compared Plaintiff's housing conditions to those conditions discussed in seminal Supreme Court and Fifth Circuit cases. *See generally Hope v. Harris*, 861 F. App'x 571 (5th Cir. 2021), *cert. denied*, 143 S. Ct. 1746*; Bailey v. Fisher*, 647 F. App'x 472 (5th Cir. 2016); *Wilkerson v. Goodwin*, 774 F.3d 845 (5th Cir. 2014); *Hernandez v. Velasquez*, 522 F.3d 556 (5th Cir. 2008); *Wilkinson v. Austin*, 545 U.S. 209 (2005).[4] The magistrate judge acknowledged that potential indefinite placements heighten due process concerns and evaluated Plaintiff's conditions with that standard in mind. *Wilkerson,* 774 F.3d at 852. While ultimately finding that the indefinite nature of Plaintiff's restricted housing is ameliorated by the GRAD program, and thus did not give rise to a protectable liberty interest, the magistrate judge alternatively found that the due process afforded Plaintiff through periodic reviews of his continued placement in administrative segregation was constitutionally adequate. This court can find no error in that determination. *Cf.*, *Hope*, 861 F. App'x at 580-81 (in reviewing the 12(b)(6) dismissal of Hope's claims, finding Hope likely established a liberty interest in his indefinite

---

[4] The magistrate judge also compared the conditions to those in *Escobarrivera v. Vannoy*, 2021 WL 1604872, *5 (M.D. La. Feb. 24, 2021); *Tate v. Starks*, 2103 WL 5914398, *3 (N.D. Miss. Nov. 4, 2013); *Queen v. Adams*, 2012 WL 1081227 (N.D. Tex. Feb. 27, 2012).

placement in solitary confinement without any eligibility for parole, but finding the process afforded him by TDCJ at the Polunsky Unit in periodic reviews, after evaluating the *Eldridge*[5] factors, was constitutionally adequate). This objection is overruled.

As to Plaintiff's Eighth Amendment claim, the magistrate determined that (1) Plaintiff failed to allege, let alone show, that he has been deprived of food, clothing, shelter, hygiene or medical care, (2) assuming, without finding, that Plaintiff's history of anxiety, hypersensitivity, depression, post-traumatic stress disorder, vision problems, migraine headaches, chronic back pain, insomnia, hypertension, a bleeding ulcer, and hepatitis C were caused by his long-term restrictive housing in administrative segregation, Plaintiff failed to show these conditions posed a substantial risk of serious harm, and (3) Plaintiff failed to show that any of the defendants were personally deliberately indifferent to a perceived substantial risk of serious harm to Plaintiff yet failed to take reasonable steps to abate it. With respect to the latter, in reviewing the record as a whole, it appears Plaintiff concedes he has not alleged the personal involvement of any of the defendants as he asks the court to impugn knowledge on these defendants as "the fact that many other prisoners housed in ad seg have harmed themselves or committed suicide – surely enough to put Defendants on notice that long-term deprivation of meaningful human contact poses a substantial threat to physical and mental well being." While Plaintiff asks the court to rely on other cases in support of this assertion, all of these cases can be distinguished.[6] Regardless,

---

[5] *Matthews v. Eldridge*, 424 U.S. 319 (1976).

[6] *Fussell v. Vannoy*, 584 F. App'x 270, 271 (5th Cir. 2014) (involved a complaint that was dismissed as frivolous under screening: "here, it is more than plausible that Fussell's decades of extended lockdown have caused the serious mental health problems he alleges, and it is clear that such allegation is sufficiently serious to invoke Eighth Amendment concerns."); *Wilkerson v. Stalder*, 639 F.Supp.2d 654, 679 (M.D. La. 2007) (holding that the plaintiffs had shown sufficient evidence to establish that decades of extended lockdown in the Louisiana State Penitentiary resulted

Plaintiff fails to argue, let alone show, how the magistrate judge's reliance on *Hope*, the most recent Fifth Circuit case to address both Fourteenth and Eighth Amendment alleged violations in the context of long-term administrative segregation housing, was in error. *Cf.*, *Hope,* 861 F. App'x at 583 ("and it is on this second requirement, deliberate indifference, where much of Hope's Eighth Amendment challenge falls short. Specifically, Hope has not sufficiently pleaded deliberate indifference – with one exception discussed *supra* – because it unclear from Hope's complaint if any of [the] Defendants, with the exception of Major Rehse, was even aware of the conditions of which he complains."). In the present case, Plaintiff has failed to alleged, let alone show through competent summary judgment evidence, that the Defendants were aware of the conditions of which Plaintiff complains. This objection is overruled.

As Plaintiff has failed to create a genuine dispute of material fact as to a constitutional violation, the Defendants are entitled to qualified immunity.

## ORDER

Accordingly, Plaintiff objections (#45) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the reports of the magistrate judge are **ADOPTED**. A final judgment will be entered in accordance with the recommendation of

---

in serious deprivations of basic human needs where plaintiffs provided substantive factual assertions in their pleadings of defendant Cain's direct and personal involvement); *Porter v. Penn. Dept' of Corr.*, 974 F.3d 431, 445 (3rd Cir. 2020) (record reflects Defendant Gilmore was aware that Porter had been in solitary confinement for more than three decades and was experiencing mental health problems); *Porter v. Clarke*, 923 F.3d 348 (4th Cir. 2019) ("Plaintiffs' evidence established that State Defendants, in fact, were aware of the substantial risk of psychological or emotional harm posed by solitary confinement.").

the magistrate judge.

SIGNED at Beaumont, Texas, this 18th day of September, 2023.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE